E-FILED
Tuesday, 08 January, 2013 02:00:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 11-CR-20010 |
| v. | ) | |
| | ) | |
| **KAREN D. DOOLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**OPINION**

This case is before the court for resentencing, following remand from the Seventh Circuit. On December 18, 2012, a hearing was held wherein the court heard evidence, the recommendation of the parties, and the allocution of Defendant, Karen D. Dooley. Following this court's careful consideration of the evidence before it, and the applicable law, Defendant is sentenced to a term of 96 months.

**Background**

On February 18, 2011, Defendant pled guilty to access device fraud, conspiracy to commit access device fraud, mail fraud, food stamp fraud, social security fraud, theft of government funds, and three counts of aggravated identity theft.

On May 20, 2011, this court held a sentencing hearing, which was continued on May 27, 2011. During that hearing, and based on the uncontested recommendations in the presentence report, this Court sentenced Defendant to a term of 24 months each for counts 1, 3, 5, 7, 8, and 9, which were the convictions that were not aggravated identity theft, to run concurrently with each

other; as well as a term of 24 months for counts 2, 4, and 6, which were the aggravated identity theft convictions, with each sentence to run consecutively. Defendant's total sentence was a term of 96 months.

Defendant filed her appeal on September 9, 2011. On August 20, 2012, the Seventh Circuit Court of Appeals vacated the judgment and remanded for resentencing. Following a careful review of that opinion, the Commentary filed by the government, and the Memorandum filed by Defendant, this court proceeds with resentencing.

**Analysis**

As a preliminary matter, the Seventh Circuit did not comment on the original sentence for the six underlying fraud convictions. Accordingly, that sentence, of 24 months for each conviction to run concurrently with each other, shall remain unchanged. Further, all the findings of fact from that previous sentencing, including, but not limited to, the analysis of Defendant's criminal history category, are incorporated into this sentencing hearing.

Congress enacted an unusual penalty provision regarding identity theft. Every conviction under that statute must be punished by a mandatory two year term. 18 U.S.C. § 1028(A)(a)(1). However, this court is required to rely on the U.S. Sentencing Guidelines in exercising its discretion on whether the convictions run concurrently, in whole or in part, with another term of imprisonment for any additional violation of this section. 18 U.S.C. § 1028A(b)(4). Because there are three separate identity theft convictions, the sentences for each of the convictions may run consecutively or concurrently with each other. Therefore, this court is permitted to add either 24, 48, or 72 months in addition to the sentence for the fraud convictions. Specifically, §5G1.2, Application Note 2(B) of the Sentencing Guidelines requires this court to consider at least three

factors in determining which, if any, of the convictions are to run concurrently. Those factors are as follows:

> (i) The nature and seriousness of the underlying offenses. For example, the court should consider the appropriateness of imposing consecutive, or partially consecutive, terms of imprisonment for multiple counts of 18 U.S.C. § 1028A in a case in which an underlying offense for one of the 18 U.S.C. § 1028A offenses is a crime of violence or an offense enumerated in 18 U.S.C. § 2332b(g)(5)(B).
>
> (ii) Whether the underlying offenses are groupable under §3D1.2 (Groups of Closely Related Counts). Generally, multiple counts of 18 U.S.C. § 1028A should run concurrently with one another in cases in which the underlying offenses are groupable under §3D1.2.
>
> and
>
> (iii) Whether the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) are better achieved by imposing a concurrent or a consecutive sentence for multiple counts of 18 U.S.C. § 1028A.

*The nature and seriousness of the underlying offenses*

Turning to the first factor, the nature and seriousness of the underlying offenses, this court finds that Defendant committed very serious offenses. This court recognizes that the Sentencing Commission references, as an example, crimes of violence and § 2332b(g)(5)(B), which defines a "Federal crimes of terrorism". Those crimes include, among other things, the use of weapons of mass destruction, 18 U.S.C. § 832, possession of biological weapons, § 175, and the assassination of the President or of a member of the President's staff, § 1751. However, that list also includes crimes that do not involve harm to individuals, such as the arson of property used in interstate commerce, such as § 844, or that only involve financial misconduct, such as providing material support to terrorists, § 2339. Defendant's acts directly harmed individuals and were of a financial nature.

Furthermore, the Courts of Appeal have upheld sentences imposing consecutive § 1028A sentences where the only underlying offense or offenses involved financial fraud. In *United*

*States v. Collins*, 640 F.3d 265 (7th Cir. 2011), the underlying convictions were misuse of Social Security numbers. In *United States v. Dvorak*, 617 F.3d 1017 (8th Cir. 2010), the underlying convictions were mail fraud and money laundering. In *United States v. Bonilla*, 579 F.3d 1233 (11th Cir. 2009), the underlying convictions were access device fraud and conspiracy to commit fraud in violation. And in *United States v. Lee*, 545 F.3d 678 (8th Cir. 2008), the underlying conviction was bank fraud. Accordingly, Defendant's acts categorically constitute offenses of a nature and seriousness sufficient to qualify for consecutive sentences.

*Groupability of underlying counts*

Regarding the second factor, the underlying offenses are groupable under §3D1.2. Thus, pursuant to the recommendation in § 5G1.2, Application Note 2(B), this factor weighs in favor of concurrent sentences.

*Purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2)*

Regarding the third and final factor, this court is required to examine the need for the sentence imposed to (1) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). These factors have already been discussed at the first sentencing. Their applicability remains unchanged. For the purpose of completeness, however, this opinion will briefly readdress those facts and their application.

Identity theft is a very serious and growing crime. The Bureau of Justice Statistics at the Department of Justice has shown that between 2005 and 2010, the percentage of U.S. households with at least one member who experienced identity theft increased from 5.5% to 7.0%. Crime Data Brief, *Identity Theft Reported by Households, 2005-2010*, Bureau of Justice Statistics, NCJ 236245 (Nov. 2011). It noted specifically that about half of those incidents were due to the misuse or attempted misuse of existing credit card accounts, and about one tenth were due to the misuse of personal information to open a new account. A crime affecting almost nine million households is certainly serious and widespread.

Defendant's identity theft was aggravated because she targeted individuals who were sick, poor, elderly, or disabled, or had a combination of those characteristics. Although hospitals warn patients to keep track of their belongings, it is intolerable that a hospital employee, tasked with helping patients, would violate that trust by stealing their personal information.

Defendant's victims were devastated by the identity theft. The court heard statements from two individuals, one of whom was the daughter of one of the victims, as that victim was deceased at the time of the sentencing hearing. The victims had suffered significant stress and mental anguish from the theft, and harassment from credit agencies. Defendant also knowingly and intentionally perpetrated fraud on the government by filing false information during the reapplication process for food stamp benefits. Finally, when case agents searched her home, they found a notebook with the names and identifiers for over a hundred individuals. Fortunately, this information was found in time to prevent Defendant from causing further distress and financial damage to those individuals.

Accordingly, this court finds that consecutive sentences properly promote respect for the law and provide just punishment. Further, consecutive sentences would protect the public and

deter the criminal conduct of not only the Defendant, but also those who participate in almost 10 million identity thefts each year by demonstrating that such crimes will be investigated, prosecuted, and punished.

*Impact of post-sentencing rehabilitation on resentencing*

Because the procedural posture of this case is a resentencing following a remand on appeal, *Pepper v. United States* permits sentencing judges to consider evidence of a defendant's post-sentencing rehabilitation. 131 S.Ct. 1229, 124 (2011). Defendant has been a model prisoner. Defendant has had no disciplinary reports during her almost two years in federal custody. She has taken both vocational and educational courses to better herself. She has taken college-level courses in, among other subjects, psychology, Spanish, accounting, and how to run a non-profit business. She has made an effort to become a better mother by participating in parenting classes. Finally, she has been working at the UNICOR facility, and was promoted to the position of quality assurance auditor. This demonstrates that Defendant has begun her journey from a career that requires little education, to a job requiring training and education, reflecting the changes occurring in American society today.

It is clear that Defendant has begun to take advantage of the rehabilitation programs offered to her while in federal custody. Thus, the § 3553(a)(2)(d) factor of providing educational or vocational training has been partly successful. To deprive her of those programs at this point, which are offered to her at no cost, before she has finished her career transition, would do her a disservice.

*Consistency, fairness, and proportionality of sentence as compared with other similar cases*

In seeking to reduce unwarranted disparity in sentencing, this opinion shall compare the present situation with two other cases. In *Collins*, as discussed during the first sentencing hearing, the defendant there misused Social Security numbers as part of his identity theft spree. *United States v. Collins*, 640 F.3d 265 (7th Cir. 2011). That defendant targeted his victims, recruited others to assist him in his crimes, and, in light of the documents found at the time of the execution of the arrest, would have been likely to continue his criminal activities with a "filing cabinet full of documentation" on future victims. Those facts are similar to the ones in the present case. The court in *Collins* imposed consecutive sentences for two of the 11 counts of aggravated identity theft, for a total sentence of 108 months. The Seventh Circuit found the sentence, including the application of consecutive terms, to be proper.

In *Clavielle*, the defendant was convicted in this court of three counts of mail fraud and two counts of identity theft. *United States v. Clavielle*, 429 F. App'x 617, 618 (7th Cir. 2011). The loss in that case was about $42,000, which is about twice as much as was in question here. The defendant there had a long criminal history, as compared to the one here, who has almost nothing of note. But the critical difference in *Clavelle* was that that defendant had consistently paid self-employment taxes while engaging in a profession where income is neither regularly reported nor monitored. Doing so indicated the defendant's willingness to follow the law in some areas, and suggested a potential for rehabilitation. In the present case, the fact that Defendant engaged in retail theft even while released on bond suggests that she was unwilling to admit her culpability. In *Clavelle*, this court sentenced the defendant to 61 months, which was composed of 37 months of each of the mail fraud counts to be served concurrently, and 24 months on each of the identity fraud counts to be served concurrently to each other, but consecutively to the mail

fraud counts. The Seventh Circuit also found that sentence to be proper. It is clear that Defendant's situation is not the same as in *Clavelle*. Instead, consecutive sentences will better reinforce the benefits and goals laid out in § 3553(a)(2). A term consisting of less than what the government has recommended would depreciate the seriousness of the offense. Instead, a sentence in which each and every identity theft conviction is imposed consecutively would be consistent, fair, determinate and proportional.

*Conclusion*

After thoroughly reviewing and considering the factors listed in Section 5G1.2 Application Note 2(B) and 18 USC 3553(a), including, but not limited to, the seriousness and repeated nature of her offenses, the character and nature of the individuals and the government agencies she chose to target and were planning on targeting in the future, the need to deter not only her but others engaging in similar acts, this court imposes, despite the groupability of the underlying offenses under § 3D1.2, a sentence of 24 months for each identity theft conviction, to be served consecutively, for a term of 96 months. A term of 96 months is appropriate, reasonable, and not greater than necessary.

IT IS THEREFORE ORDERED THAT:

Pursuant to the Sentencing Reform Act of 1984, the defendant, Karen D. Dooley, is hereby committed to the custody of the Bureau of Prisons for a period of 96 months. Said sentence shall consist of 24 months on each of Counts 1, 3, 5, 7, 8, and 9, to run concurrently with each other; and 24 months on each of Counts 2, 4, and 6, all to run consecutively to each other, and consecutively to Counts 1, 3, 5, 7, 8, and 9.

Entered this 8th day of January, 2013.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE